UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL ANCAR, *ET AL.* | CIVIL ACTION |
| VERSUS | NO: 06-3246 C/W: 06-3247, 06-3248, 06-3249, 06-3250, 06-3251, 06-3252, 06-3253, 06-3254, 06-3255, 06-3256, 06-3257, 06-3258, 06-3259, 06-3260, 06-3261, 06-3262 |
| MURPHY OIL, U.S.A., INC., *ET AL.* | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court is Plaintiffs' **Motion to Remand to State Court (Rec. Doc. 8).**  Defendants opposed this motion, and the Court heard oral argument on August 16, 2006.  After reviewing the memoranda of counsel and applicable law, the Court concludes that Plaintiffs' motion to remand should be denied for the reasons that follow.

## Background and Procedural History

In August of 2004, Defendant Associated Electric & Gas Insurance Services Limited ("AEGIS") removed this case from the 34th Judicial District Court alleging that a dispute over insurance coverage between it and its insured, Murphy Oil U.S.A. ("Murphy"), invoked the Convention on the Recognition and

1

Enforcement of Foreign Arbitral Awards, 9 U.S.C. 201-208 (2002) ("the Convention") and its removal provisions. (Mangin v. Murphy Oil, 04-2172, E.D. La).  The Court granted Plaintiffs' motion to remand on April 29, 2005. (Mangin, 04-2172, Rec. Doc. 40). AEGIS, Liberty Mutual, and Murphy appealed the decision to the Fifth Circuit.  Thereafter, Plaintiffs filed a motion to dismiss the appeal claiming that the Fifth Circuit could not rightfully review these decisions because the district court remanded the cases pursuant to 28 U.S.C. § 1447(c), and 1447(d) bars the appellate review of that decision.

AEGIS then removed this case for the second time in the instant motion, claiming that a decision recently rendered by the Fifth Circuit constitutes "an order or other paper" under 28 U.S.C.  § 1446(b), which triggers a new removal opportunity.  The Fifth Circuit has since stayed AEGIS's original appeal pending a decision from this Court on the instant motion to remand.

## The Parties' Arguments

In the removal papers, Defendants assert that a recent decision out of the Fifth Circuit in Acosta v. Master Maintenance and Const. Inc., 452 F.3d 373 (5th Cir. 2006) allows them another removal opportunity as it constitutes an "order or other paper" under 28 U.S.C. § 1446(b).  In support of their motion to remand, Plaintiffs claim that, contrary to AEGIS's assertion in those

2

papers, AEGIS was not a party defendant in the <u>Acosta</u> litigation at the time of removal under the Convention but had, in fact, settled with the plaintiffs prior to removal.  Plaintiffs, thus, claim that the <u>Acosta</u> decision does not constitute an "order or other paper" under <u>Green v. R.J. Reynolds Tobacco Co.</u>, 274 F.3d 263 (5th Cir. 2001) because the same parties were not involved (specifically, AEGIS was not a party to the <u>Acosta</u> removal as it had settled with plaintiff prior to removal).

Plaintiffs also claim that the Fifth Circuit cannot review these decisions because the district court remanded the cases pursuant to 28 U.S.C. § 1447(c), and 1447(d) bars the court from reviewing that decision.  Plaintiffs then suggest that this Court is prohibited from considering the most recent removal under principles of appellate divestiture of jurisdiction.  In other words, AEGIS is asking this Court to reconsider its prior remand order while that order is under review by the Fifth Circuit. (This argument is made moot now that the Fifth Circuit has stayed the appeal pending a decision from this Court on this motion to remand.  Therefore, argument regarding appellate divestiture of jurisdiction will not be discussed further in this order).

In opposition to the motion, AEGIS argues that <u>Acosta</u> is an "order or other paper" within the meaning of 28 U.S.C. § 1446(b), under the test set out in the <u>Green</u> case.  Specifically, AEGIS

asserts the following:

(1) This case and <u>Acosta</u> share "similar factual scenarios." They are both mass tort actions brought by individuals under the Louisiana Direct Action Statute, La. R.S. § 22:655, et seq. Also, they both were removed by insurers under jurisdiction granted by the Convention Act.

(2) <u>Acosta</u> has a similar effect on these cases.  AEGIS notes that in <u>Acosta</u>, the Fifth Circuit stated that it was skeptical of the analysis adopted by this Court in <u>Manqin</u> in its prior remand of these cases.  Therefore, AEGIS claims it is inconceivable that <u>Acosta</u> could be found not to have a similar effect on these cases.

(3) Although AEGIS was merely a nominal party during removal, it asserts that it was a party to <u>Acosta</u> for purposes of meeting the <u>Green</u> "same defendant" test. AEGIS attaches an affidavit from George Kappus stating that AEGIS's status as a nominal party was short-lived, and it quickly resumed its role as an active defendant in the <u>Acosta</u> action.  Further, AEGIS states that it has always been a party to the <u>Acosta</u> appeal and has always been regarded as a party by the Fifth Circuit.

AEGIS further claims that removal under <u>Green</u> is not an improper reconsideration of a remand under 28 U.S.C. § 1447(d) - as Plaintiffs assert.  AEGIS cites several cases that stand for

the proposition that a subsequent removal after a remand is not a

reconsideration of the previous order remanding the action - if

it alleges a different factual basis for seeking removal.  Murphy

filed a memorandum opposing the motion to remand, asserting a

similar argument.

Plaintiffs filed a supplemental memorandum in support of

remand following the Fifth Circuit's decision to stay the

appeals.  Interestingly, Plaintiffs do not address whether <u>Acosta</u>

is an "order or other paper" that would enable this Court to make

this determination.  They also do not claim that the <u>Acosta</u>

decision does not warrant a denial of their motion to remand.

Instead, Plaintiffs argue that this Court should not follow

<u>Acosta</u> because the Fifth Circuit erred in its decision in <u>Acosta</u>.

Specifically, Plaintiffs claim that because prior Fifth Circuit

precedent (used by this Court in <u>Mangin</u> when it concluded that

this case should be remanded the first time) required a different

conclusion in <u>Acosta</u> (based on the Fifth Circuit's stare decisis

policy), this Court is not bound to follow that decision.

<u>**Discussion**</u>

Federal law states:

> If the case stated by the initial pleading is not
> removable, a notice of removal may be filed within
> thirty days after receipt by the defendant,
> through service or otherwise, of a copy of an
> amended pleading, motion, *order or other paper*

> from which it may first be ascertained that the
> case is one which is or has become removable,
> except that a case may not be removed on the basis
> of jurisdiction conferred by section 1332 of this
> title more than 1 year after commencement of the
> action.

28 U.S.C. § 1446(b).  The Fifth Circuit has explained that

section 1446(b) permits a defendant in a particular case to file

successive removals as long as the removals are based on a

different factual basis (for example, such would be allowed if a

new "order or paper" or event changed the facts regarding the

removability of the case). S.W.S. Erectors, Inc. v. Infax, Inc.,

72 F.3d 489, 494 (5th Cir. 1996).

In Green, the Fifth Circuit determined that in certain

situations, an order in a case unrelated to the removed case may

be classified as an "order of other paper" within the meaning of

section 1446(b).  The Green court borrowed from analysis adopted

by the Third Circuit in Doe v. American Red Cross, 14 F.3d 196

(3d Cir. 1993) and determined that an opinion in a case unrelated

to the removed action can constitute an "order or other paper"

under section 1446(b) if: (1) both involve "a similar factual

situation and legal conclusion," (2) the effect of the decision

in one case has a "similar effect" on the decision in the removed

case, and (3) the same defendants are involved.  See Green, 274

F.3d at 267-68.

This Court concludes that the factors set forth in Green are satisfied, allowing the Acosta decision to constitute an "order or other paper" which would make this removal proper.  The only factor which Plaintiffs dispute and which they claim is not satisfied is the requirement for the same defendant.  This Court finds that the affidavit submitted by AEGIS makes it clear that it was a nominal party at the time of removal but became a direct defendant shortly thereafter.  Also, this case and the Acosta case clearly involve similar factual scenarios as they both are mass tort actions brought by individuals under the Louisiana Direct Action Statute that were removed to federal court by insurers under jurisdiction granted by the Convention Act. Last, this Court concludes that the Acosta decision has a similar effect on this case. As AEGIS points out, the Fifth Circuit in Acosta specifically addressed the Mangin remand decision rendered by this Court.

Further, this Court determines that section 1446 clearly allows it to consider this removal as it is based on what this Court considers to be a new "order or paper" which has just come into existence (i.e., the Acosta decision).  In fact, the Fifth Circuit has explained:

> a remand order that expressly addresses the theory
> of federal jurisdiction does not have res judicata
> effect on subsequent removals based on the same

>        theory, provided that the subsequent removal
>        petitions allege a different factual basis for
>        seeking removal. If the defendant raises a new
>        factual basis, the new factual basis is not deemed
>        adjudicated with the remand order and, therefore,
>        is not barred by res judicata.

S.W.S. Erectors, 72 F.3d at 493.  Because this Court has

determined that the Acosta decision constitutes an "order or

other paper," the next issue that must be addressed is whether

that decision warrants the removal of this case to federal court.

    In Acosta, the Fifth Circuit concluded that a direct action

against an insurer whose policy contained an arbitration

provision that was covered by the Convention relates to the

arbitration agreement and is subject to removal.  The Fifth

Circuit explained that the removal provision in the Convention

act is very broad:

>        Because "uniformity is best served by trying all
>        [Convention] cases in federal court unless the
>        parties unequivocally choose otherwise," McDermott
>        Int'l, Inc. v. Lloyds Underwriters of London, 944
>        F.2d 1199, 1207-08 (5th Cir.1991), Congress
>        granted the federal courts jurisdiction over
>        Convention cases and added one of the broadest
>        removal provisions, § 205, in the statute books.
>        So generous is the removal provision that we have
>        emphasized that the general rule of construing
>        removal statutes strictly against removal "cannot
>        apply to Convention Act cases because in these
>        instances, Congress created special removal rights
>        to channel cases into federal court." Id. at 1213.

Acosta, 452 F.3d at 377.  The Acosta court ultimately concluded

that the case related to an arbitration agreement that fell under

the Convention, reasoning:

> The jurisdictional question need not be confused
> by the presence of the direct-action statute. The
> operation of the direct-action statute as a matter
> of Louisiana state law does not alter the fact
> that the litigation is related to the arbitration
> clause as a matter of logic and federal removal
> law. Both state and federal courts can give proper
> effect to the direct-action statute; but we cannot
> ignore Congress's decision that the federal courts
> are best able to establish uniformity in the
> enforcement of arbitral agreements. We therefore
> apply the jurisdictional provision, § 205,
> according to the plain meaning of its broadly
> drafted terms.

Id. at 379.

The Fifth Circuit's decision in Acosta expressly criticized

this Court's Manqin decision and certainly seems to be at odds

with it.  This Court finds that contrary to Plaintiffs' stare

decisis argument, it is bound by the Fifth Circuit's decision in

Acosta, which warrants denial of the instant motion to remand.

This Court also notes that it is within its discretion to stay

this action for a brief time to permit the arbitration proceeding

to go forward; however, it chooses not to do so and, instead,

will allow this matter to proceed before it.  See Moses H. Cone

v. Mercury Const. Corp., 460 U.S. 1, 20 n. 23, 103 S.Ct. 927, 939

n. 23, 74 L.Ed.2d 765, 782 n. 23 (1983); American Home Ins. v.

Vecco Concrete Construction, 629 F.2d 961, 964 (4th Cir.1980);

Sam Reisfeld & Son Import Co. v. S. A. Eteco, 530 F.2d 679, 681

(5th Cir.1976).   Accordingly,

     **IT IS ORDERED** that **Motion to Remand to State Court (Rec.**

**Doc. 8)** is hereby **DENIED**.

     New Orleans, Louisiana this  2nd day of October, 2006.

 

                         _____
                         CARL J. BARBIER
                         UNITED STATES DISTRICT JUDGE