```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| MICHAEL ANCAR, *ET AL.* | CIVIL ACTION |
| VERSUS | NO: 06-3246<br>C/W: 03-1923, 06-3247, 06-3248, 06-3249, 06-3250, 06-3251, 06-3252, 06-3253, 06-3254, 06-3255, 06-3256, 06-3257, 06-3258, 06-3259, 06-3260, 06-3261, 06-3262 |
| MURPHY OIL, U.S.A., INC., *ET AL.* | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court is Associated Electric & Gas Insurance Services Limited's ("AEGIS") **Motion to Strike Affidavit of Kimberly A. Olson (Rec. Doc. 293).** This motion, which is opposed, is set for hearing on December 26, 2007, on the briefs. For the reasons that follow, the Court finds that this motion should be denied.

### Background Facts and Procedural History

During the early morning hours of June 10, 2003, a fire occurred at the Murphy Refinery in Meraux, Louisiana. Following the fire, residents of the surrounding area made claims seeking payment for damages to their property and mental anguish allegedly caused by the fire. These claims were consolidated in the captioned litigation.

Currently pending before the Court is Liberty Mutual's motion seeking summary judgment on the grounds that it has

1

expended in excess of $2 million in connection with the June 10, 2003 events at the Murphy Oil U.S.A. ("Murphy U.S.A.") refinery and that those expenditures exhaust the coverage for claims arising out of those events under the policy that Liberty Mutual issued to Murphy Oil.

Liberty Mutual relies on the affidavit of Kimberly Olson as the sole evidence that Liberty Mutual has incurred the costs that it claims exhausted its coverage. The affidavit attaches a spreadsheet that shows the amounts spent by Liberty Mutual for settlement, defense, and supplementary payment in connection with the June 10, 2003 Murphy U.S.A. refinery fire.

## Discussion

AEGIS asserts that the Olson affidavit is defective under both Federal Rules of Evidence 56(e) and 1006. Rule 56(e) provides in pertinent part that affidavits:

> shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

AEGIS states that the Olson affidavit refers to invoices and checks that were paid by Liberty Mutual. Ms. Olson asserts that these invoices and checks evidence that Liberty Mutual has paid sums in excess of $2 million. But Liberty Mutual has not, as is required by Rule 56(e), annexed copies of these invoices and checks to the Olson affidavit. Therefore, the Olson affidavit is defective and should be struck.

In opposition, Liberty Mutual states that the affidavit is based on Olson's personal knowledge and that Olson is competent to testify as to its contents (as required under Rule 56) as the Director of Coverage of the Complex and Emerging Risk Claims Department at Liberty Mutual.  Based on her personal knowledge and familiarity with the matters contained in her affidavit, Olson prepared a spreadsheet reflecting invoices and payments related to claims arising out of the fire at Murphy U.S.A.'s refinery on June 10, 2003.  This spreadsheet was attached to Olson's affidavit.

According to Liberty Mutual, this is all Rule 56(e) requires.  AEGIS argues that Olson's affidavit should be struck because the invoices and checks themselves were not attached.  However, Olson's affidavit refers to the spreadsheet, *not* to these individual invoices and checks.  As a result, Olson's affidavit complies with Rule 56(e).

Considering the contents of the Olson affidavit, Liberty Mutual is correct in that the affidavit only refers to the spreadsheet itself.  While it mentions payments made by Liberty Mutual, it does not refer to specific invoices or checks.  Therefore, the Olson affidavit complies with Rule 56(e) and should not be stricken.

As to Rule 1006, AEGIS states that Liberty Mutual has not produced the invoices and checks for any party to examine, as required for admission of a chart or summary under Rule 1006.  Rule 1006 provides:

3

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.

According to AEGIS, Liberty Mutual has not made the invoices and checks from which the spreadsheet was prepared available for examination by AEGIS and other parties.  Therefore, the spreadsheet referred to in the Olson affidavit is not admissible under Rule 1006 and should be struck, as should the entire Olson affidavit, as the sole subject matter of that affidavit is the contents of the inadmissible spreadsheet.

In opposition, Liberty Mutual states that the invoices and evidence of payments are available for examination by AEGIS.  The reason the records were not produced in response to written discovery is because AEGIS's written discovery did not ask that they be produced.  The fact that the documents were not produced to AEGIS based on AEGIS's failure to request them does not make the documents unavailable for purposes of Rule 1006.  Nor does that fact that AEGIS has yet to examine the documents make them unavailable.  Olson's spreadsheet is therefore admissible under Rule 1006.

Therefore, because the underlying data is available for examination by AEGIS and other parties, the spreadsheet and affidavit should not be stricken.  Accordingly,

**IT IS ORDERED** that AEGIS's **Motion to Strike Affidavit of**

4

**Kimberly A. Olson (Rec. Doc. 293)** is hereby **DENIED.**

New Orleans, Louisiana this 11th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE